*322 OPINION OF THE COURT
Irving A. Green, J.
By writ of habeas corpus, the petitioner, an adjudicated juvenile delinquent, seeks a determination that his present detention, at Goshen Center, a Title III secure facility operated by the New York State Division for Youth (D.F.Y.), is unlawful, having been brought about by his transfer from Sheppard House, a Title II. youth center, without being afforded a hearing pursuant to section 515-a (subd 3, par [b]) of the Executive Law, which provides, inter alia: "3. A youth shall be placed in or transferred to a secure facility only: * * * (b) after a hearing pursuant to regulations of the division, with the written approval of the director of the division or his or her designee.”
Subdivision C of section 3430-15 of the D.F.Y. Policy and Procedures Manual, entitled "Transfers”, provides as follows: "C. To Secure Facilities. Classified and restrictive cases may be transferred from non-secure to secure facilities only after a Fenner Hearing has been held and approval granted.”
The "Fenner” hearing referred to in the manual derives its name from a class action brought against D.F.Y., determined in the United States District Court, Southern District of New York (73 Civ. 5522) by a stipulation of the parties which by its language is to govern the transfer of juvenile delinquents from D.F.Y. Title III schools to D.F.Y. Title III secure centers or to secure private facilities. The stipulation, by its express language, further provides that it shall not apply to transfers of children "to other facilities operated or controlled by the Division for Youth.” Manifestly, therefore, the stipulation in such class action does not embrace the instant transfer of petitioner from a Title II youth center to a Title III secure facility. Nevertheless, such stipulation implicitly recognized the propriety of affording a hearing to the juvenile delinquent in a matter affecting his vital interests.
The respondent contends the subject transfer was proper pursuant to subdivision 3 of section 511 of the Executive Law which, inter alia, provides: "The division shall also have authority to * * * transfer such children from a school or center to any other school or center or to a youth center, when the interest of such children requires such action; provided that a child transferred to a youth center from a school may be returned to a state school upon a determination by the Director of the Division for Youth that, for any reason, *323 care and treatment at the center is no longer suitable”, as well as proper pursuant to subdivision 2 of section 516 of the Executive Law which, inter alia, provides with respect to restrictive placements: "The youth may not be released or transferred from a facility without the approval of the committee, except by written order of the director.” A written approval of the transfer by the Deputy Director for Rehabilitative Services was obtained in this case.
The law is settled that no due process clause liberty interest of an adult duly convicted prison inmate is infringed when he is transferred from one prison to another within the State, whether with or without a hearing, absent some right or justifiable expectation rooted in State law to the contrary as long as the conditions or degree of confinement to which the prisoner is subjected are within the sentence imposed upon him. (Montanye v Haymes, 427 US 236.) This is so without regard to the motivation for the transfer or its disadvantageous impact upon the prisoner. (See, also, Cruz v Collazo, 450 F Supp 235.) This general legal principle appears equally applicable to duly adjudicated juvenile delinquents in the custodial care of the New York State Division for Youth.
The quintessential question, then, posed upon this application is whether this petitioner has a right rooted in State law or a justifiable expectation that he would be afforded a hearing prior to transfer from Sheppard House to the Goshen Center. The question posed is answered in the affirmative.
 Section 515-a (subd 3, par [b]) of the Executive Law by its unambiguous and express language proscribes the transfer of a youth to a secure facility (i.e., Goshen Center) without a hearing. A penal statute must be construed according to the fair import of its terms to promote justice and effect the objects of the law. (Penal Law, § 5.00.)
Additionally, this court is persuaded that the hearing procedure agreed upon in the Fenner stipulation and incorporated in respondent’s Policy and Procedures Manual should apply and be employed in instances such as is presented upon this application. Although it is desirable that no chilling effect be imposed upon respondent’s laudable efforts to achieve and aid a juvenile delinquent’s rehabilitation, by utilizing various of its custodial facilities affording differing custodial care and environments, the essential rights of the juvenile, legislatively expressed, may not be totally disregarded in the process. Certainly, at each significant change in custodial care, by *324 transfer, which materially and adversely affects the juvenile’s liberty and personal welfare, a hearing required by section 515-a of the Executive Law to afford the juvenile an opportunity to be apprised of the reasons therefor and to be heard is mandated.
Accordingly, the writ is allowed and the petitioner shall be returned to Sheppard House there to be afforded a Fenner type hearing to determine petitioner’s transfer to Goshen Center, if respondent be so advised.